UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTORA ARENAS and MERCEDES ARENAS,<br><br>    Plaintiffs,<br>v.<br>NATIONSTAR MORTGAGE, LLC,<br>    Defendant. | Case No. 3:14-cv-1036-GPC-BGS<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**<br><br>**(ECF NO. 4)** |

  Plaintiffs filed the instant action in the San Diego Superior Court on February 13, 2014, alleging causes of action for breach of contract, unfair business practices, and other statutory violations arising out of Plaintiffs' attempts to avoid foreclosure on their home. (ECF No. 1-2.) Defendant removed the action to federal court on April 24, 2014, (ECF No. 1), and moved for dismissal of Plaintiffs' Complaint on May 1, 2014, (ECF No. 4).

  The Court set a briefing schedule on Defendant's Motion to Dismiss, requiring any response to be filed on or before May 23, 2014. (ECF No. 5.) To date, no response to the Motion has been filed.

  Civil Local Rule 7.1.f.3.c provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." While "[f]ailure

to follow a district court's local rules is a proper ground for dismissal," courts must consider the following factors before dismissing a case on such a ground: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (internal quotation marks & citation omitted).

Here, the public's interest in expeditious resolution of litigation weighs in favor of dismissal, as this case will be entirely resolved without further delay if Defendant's Motion is granted. The Court's need to manage its docket also weighs in favor of dismissal, as dismissal will result in one less case—out of hundreds—that this Court is currently required to oversee. The risk of prejudice to Defendant is neutral, as this case is in its beginning stages, and—if the Court were to deny Defendant's Motion—Defendant would not be required to take any action that it would otherwise be required to take had Plaintiffs responded to Defendant's Motion. The public policy favoring disposition of cases on their merits weighs against dismissal; yet, Plaintiffs' failure to respond to Defendant's Motion indicates Plaintiffs' disregard for disposing of their case on the merits. Further, any dismissal would be without prejudice. Finally, the Court is not imposing sanctions, but is instead considering whether to grant an unopposed motion. Having considered the above factors, the Court finds they weigh in favor of granting Defendant's Motion.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion, (ECF No. 4), is **GRANTED**. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter **FINAL JUDGMENT** accordingly and then **TERMINATE** this case.

DATED: June 23, 2014

HON. GONZALO P. CURIEL
United States District Judge